IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ragen Alizabeth Trotter Gee, | Civil Action No. 4:17-cv-03298-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | |
| Defendant. | |

This action arises from Plaintiff Ragen Alizabeth Trotter Gee's application to the Social Security Administration seeking Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), which recommends that the court reverse the Commissioner's decision. (ECF No. 34 at 30.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 34), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 34.) In November 2016, the ALJ made the following findings of fact and conclusions of law:

> The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> The claimant has not engaged in substantial gainful activity since June 15, 2013, the alleged onset date (20 C.F.R. 404.1571 *et seq*., and 416.971 *et seq*.).

1

> The claimant has the following severe i[m]pairments: bipolar disorder, depression, posttraumatic stress disorder ["PTSD"], and alcohol abuse (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following [non-exertional] limitations: she is limited to simple, routine, and repetitive tasks in an environment where changes are infrequent and are introduced gradually and where there is no interaction with the general public; and she can work in proximity to coworkers, but should work on tasks alone.
>
> The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).
>
> The claimant was born on January 1, 1978 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).
>
> The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).
>
> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).
>
> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2013, through the date of this decision. (20 C.F.R. 404.1520(g) and 416.920(g)).

(*Id.* at 19–20 (citing ECF No. 9-2 at 21–27).)

On December 7, 2017, Plaintiff filed a Complaint claiming that the ALJ erred in reaching the decision and seeks a reversal and remand of this case for further administrative proceedings.

2

(ECF No. 1.) Specifically, Plaintiff contends that (1) the ALJ erred in not finding Plaintiff's chronic headaches as a severe impairment; (2) the ALJ erred in determining Plaintiff's Residual Functional Capacity; (3) the ALJ failed to properly weigh opinion evidence; and (4) the ALJ erred by failing to address an apparent conflict with the vocational expert's testimony and the Dictionary of Occupational Titles. (ECF No. 34 at 20.) The Commissioner filed the Society Security Administrative Record on June 28, 2018. (ECF No. 9.) Plaintiff filed a brief on October 9, 2018. (ECF No. 20) and the Commissioner filed a brief on November 19, 2018, claiming that the ALJ's decision is supported by substantial evidence, (ECF No. 22), to which Plaintiff filed a response brief. (ECF No. 23.) The Magistrate Judge issued a Report on November 21, 2019, recommending that the court reverse the Commissioner's decision for further administrative proceedings because "it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented." (*Id.* at 30.)

The Report provides the Magistrate Judge's assessment of Plaintiff's claims regarding the ALJ's classification of Plaintiff's headaches and the "Step Five" evaluation. As to the headaches, "[t]he ALJ stated . . . 'While the claimant also complained of migraine headaches, this alleged impairment is not found to be 'severe,' as it is not supported by objective signs, symptoms, or laboratory findings or no more than minimally affects her ability to perform work related activity.' (ECF No. 30 at 24 (citing ECF No. 9-2 at 21–22; 20 C.F.R. §§ 404.1508, 416.908).) Yet, the Magistrate Judge concluded that "[s]ubstantial evidence in the record does not support this statement . . . [t]he ALJ here did not address the multiple detailed headache treatment notes in the record evidence at all, nor explain how the evidence supported his RFC findings. The ALJ's RFC cannot be said to be supported by substantial evidence." (*Id.* at 24–25.) Moreover, the Magistrate

3

Judge determined that "the evidence of record from Dr. Sohn's contemporaneous treatment notes [shows] the ALJ failed to properly analyze Dr. Sohn's treating . . . specialist opinion and the ALJ's weight to Dr. Sohn's opinion cannot be said to be supported by substantial evidence." (*Id.* at 27.)

As to the RFC determination, the Magistrate Judge observed that "[i]n a published panel decision, the Fourth Circuit joined 'every other circuit to consider the issue' and found no apparent conflict between GED Reasoning Level two jobs and an RFC of 'simple, routine, repetitive tasks of unskilled work,' and therefore, the ALJ committed no error because there was no apparent conflict to identify and resolve." *Lawrence v. Saul*, 2019 WL 5445048 at *3 (4th Cir. Oct. 24, 2019). Here, the Magistrate Judge has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. (*See* ECF No. 34 at 29.) "However, proper development of the record as set out above may have a significant impact on the Commissioner's determination of the RFC, the weight to opinions, and the subjective symptom evaluation, and, thus, on the availability of work for Plaintiff in the national economy at Step Five" and therefore "regardless of the court's discussion of one of Plaintiff's arguments found to be without merit, the ALJ is free to address on remand the remaining steps in the sequential evaluation." (*Id.* at 29–30.)

The parties were apprised of their opportunity to file specific objections to the Report on November 21, 2019, and that specific objections to the Report were due by December 5, 2019. (*See id.*) The Commissioner timely notified the court that it had no intention of objecting to the Report. (ECF No. 36.) The court observes that Plaintiff has not filed any objections to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

4

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case and finds that there is no clear error in the Report. *See Diamond*, 416 F.3d at 315.

5

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 34), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 21, 2020
Columbia, South Carolina